Kevin J. Holl, State Bar No. 124830
GORDON-CREED, KELLEY, HOLL &
SUGERMAN, LLP
222 Kearny Street, Suite 650
San Francisco, CA 94108
Telephone: (415) 421-3100
Facsimile: (415) 421-3150

Attorneys for Plaintiff
Merrill Lynch, Pierce, Fenner & Smith
Incorporated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, a Delaware corporation,

Plaintiff,

vs.

WILLIAM E. FREDRICKSON,

Defendant.

CASE NO. C 07 3336

MERRILL LYNCH'S NOTICE OF MOTION AND EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; AND ORDER PERMITTING EARLY DISCOVERY

Date:
Time:
Dept.:

1.  Plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") respectfully moves this Court for Temporary Restraining Order, and thereafter a Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure.

2.  Contemporaneously herewith, Merrill Lynch filed a Complaint in the above captioned action with the Court, which is incorporated herein by reference.

3.  Under Rule 13804 of the National Association of Securities Dealers Code of Arbitration Procedure for Industry Disputes, Merrill Lynch has the express right to seek temporary

Kevin J. Holl, State Bar No. 124830
GORDON-CREED, KELLEY, HOLL &
SUGERMAN, LLP
222 Kearny Street, Suite 650
San Francisco, CA 94108
Telephone: (415) 421-3100
Facsimile: (415) 421-3150

Attorneys for Plaintiff
Merrill Lynch, Pierce, Fenner & Smith
Incorporated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 3336

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM E. FREDRICKSON,<br><br>Defendant. | CASE NO.<br><br>**MERRILL LYNCH'S NOTICE OF MOTION AND EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; AND ORDER PERMITTING EARLY DISCOVERY**<br><br>Date:<br>Time:<br>Dept.: |

1. Plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") respectfully moves this Court for Temporary Restraining Order, and thereafter a Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure.

2. Contemporaneously herewith, Merrill Lynch filed a Complaint in the above captioned action with the Court, which is incorporated herein by reference.

3. Under Rule 13804 of the National Association of Securities Dealers Code of Arbitration Procedure for Industry Disputes, Merrill Lynch has the express right to seek temporary

Motion for TRO

injunctive relief before a court of competent jurisdiction pending the outcome of arbitration before a full panel of duly-appointed arbitrators.

4. As stated in Merrill Lynch's Complaint, Defendant William E. Fredrickson ("Defendant") has violated Merrill Lynch policies and conditions of employment to which he specifically agreed, and has breached his fiduciary duty, duty of loyalty, and common law duties to Merrill Lynch by his confiscation of and retention of proprietary information and his solicitation and diversion of Merrill Lynch accounts to his new employer, Royal Alliance Associates, Inc., ("Royal Alliance").

5. For the reasons stated in Merrill Lynch's Complaint, unless Defendant is immediately enjoined from converting Merrill Lynch's property to his own use, and from soliciting Merrill Lynch's customers for their his employer, Royal Alliance, Merrill Lynch will be immediately and irreparably harmed by:

   a) Defendant's retention of a computer and other equipment that contain confidential information which is solely the property of Merrill Lynch and its customers;

   b) Loss of confidentiality of customers' records and financial dealings, loss of customer confidence and trust, loss of goodwill, and loss of business reputation;

   c) Threat to the enforcement of reasonable employment obligations and procedures;

   d) Present economic loss, which is unascertainable at this time, and future economic loss, which is incalculable.

   e) Defendant's unlawful solicitation of Merrill Lynch's clients.

6. Merrill Lynch has no adequate remedy at law.

7.  The threat of irreparable injury is not only imminent, but is actual and ongoing. As set forth in the Memorandum of Points and Authorities in Support of Merrill Lynch's Motion for Temporary Restraining Order and Preliminary Injunction, every United States Circuit Court of Appeals to consider issues similar to those in this case has held that immediate injunctive relief must be granted. Merrill Lynch v. Bradley, 756 F.2d 1048, 1054 (4th Cir. 1985) (preliminary injunctive relief required because "an injunction even a few days after solicitation has begun is unsatisfactory because the damage is done, the customers cannot be unsolicited"); see also Merrill Lynch's Memorandum of Points and Authorities in Support of Temporary Restraining Order and Preliminary Injunction.

8.  Any delay in granting Merrill Lynch the relief requested would result in the illegal and unnecessary infliction of irreparable harm and the destruction of the status quo ante. Accordingly, entry of immediate injunctive relief is necessary to prevent the deliberate, actual, and ongoing infliction of irreparable harm by Defendant, and to preserve the status quo pending arbitration.

WHEREFORE, Merrill Lynch respectfully prays that this Court **ORDER** and **DECREE** that:

1.  Defendant, and anyone acting in concert or participation with him, specifically including his legal counsel and any agent, employee, officer or representative of Royal Alliance, are further ordered to return to Merrill Lynch's California counsel any and all records, documents and/or other types of information pertaining to Merrill Lynch customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to the Defendant or their counsel of the terms of this Order.

Motion for TRO

2. Any and all Customer Information within the possession, custody, or control of Defendant that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 2 above shall be permanently deleted by a Merrill Lynch representative. Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer. Defendant, and anyone acting in concert with him, are precluded from reconstituting or in any way restoring any Customer Information deleted pursuant to this paragraph and/or returned to Merrill Lynch pursuant to paragraph 2 above.

3. Defendant be immediately enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Defendant's new employer, Royal Alliance, until hearing and thereafter until further Order of this Court, from doing any of the following:

a) using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of Merrill Lynch or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients;

b) destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Defendant's possession or control which were obtained from or contain information derived from any Merrill Lynch records, which pertain to Merrill Lynch clients whom Defendant served or whose names became known to him while employed by Merrill Lynch, or which relate to any of the events alleged in the Complaint in this action; and

c)  soliciting any client of Merrill Lynch whom Defendant served or whose name became known to Defendant while in the employ of Merrill Lynch for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from Merrill Lynch (excluding Defendant's family and relatives, and any client that Defendant serviced as a registered representative prior to joining Merrill Lynch).

4. Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to commence and to proceed with arbitration in accordance with Rule 13804(b) of the National Association of Securities Dealers Code of Arbitration Procedure for Industry Disputes.

5. Defendant be ordered to show cause before this Court on the ___ day of _____, 2007 at ___ o'clock __.m., or as soon thereafter as counsel may be heard, why a Preliminary Injunction should not be entered according to the terms and conditions set forth above.

6. Merrill Lynch is granted leave to take expedited deposition discovery prior to the Preliminary Injunction hearing referred to hereinabove.

Dated: June 25, 2007

GORDON-CREED, KELLEY, HOLL &
SUGERMAN, LLP

By: _____
Kevin J. Holl

Attorneys for Plaintiff,
Merrill Lynch, Pierce, Fenner & Smith
Incorporated

Of Counsel:

Brendan D. Hennessy, Esquire
RUBIN, FORTUNATO & HARBISON P.C.
10 South Leopard Road
Paoli, PA  19301
(610) 408-2021 (Phone)
(610) 408-9070 (Facsimile)