1  Kevin J. Holl, State Bar No. 124830
2  GORDON-CREED, KELLEY, HOLL &
   SUGERMAN LLP
3  222 Kearny Street, Suite 650
   San Francisco, CA  94108
4  Telephone: (415) 421-3100
   Facsimile: (415) 421-3150
5
6  *Attorneys for Plaintiff*
   *Merrill Lynch, Pierce, Fenner & Smith*
7  *Incorporated*

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11 MERRILL LYNCH, PIERCE, FENNER &
    SMITH INCORPORATED, a Delaware      CASE NO.:
12 corporation,

13                                      [PROPOSED] ORDER GRANTING
           Plaintiff,                   MERRILL LYNCH'S APPLICATION FOR
14                                      A TEMPORARY RESTRAINING ORDER
                                        AND EXPEDITED DISCOVERY ; DIRECTING
15 vs.                                  DEFENDANT TO SHOW CAUSE WHY
                                        ~~Date~~: PRELIMINARY INJUNCTION SHOULD
16 WILLIAM E. FREDRICKSON,              ~~Time~~: NOT ISSUE; SETTING BRIEFING
                                        ~~Courtroom~~: SCHEDULE AND HEARING
17         Defendant.
18

19
20         AND NOW, this 27th day of June, 2007, upon consideration of the Complaint and Motion of

21 Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), and having determined that:

22         1.      Under Rule 13804 of the National Association of Securities Dealers Code of

23 Arbitration Procedure for Industry Disputes, Merrill Lynch has the express right to seek temporary

24 and preliminary injunctive relief from a court of competent jurisdiction pending an arbitration

25
   hearing before a full panel of duly-appointed arbitrators;
26
           2.      Merrill Lynch has established a reasonable likelihood of success on the merits of its
27
   claims for injunctive relief;
28

                                              **Order**

3. Merrill Lynch will suffer irreparable harm and loss if Defendant is permitted to (a) misuse the property of Merrill Lynch for Defendant's own personal use and benefit, and that of Defendant's new employer, Royal Alliance Associates, Inc., and (b) solicit accounts and Merrill Lynch customers;

4. Merrill Lynch has no adequate remedy at law;

5. Greater injury will be inflicted upon Merrill Lynch by the denial of temporary injunctive relief than would be inflicted upon Defendant by the granting of such relief; and

6. An injunction serves the public interest in the protection of confidential and trade secret business and client property and enforcement of reasonable contractual obligations, firm policy and fiduciary duty.

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. A Temporary Restraining Order issue immediately and that security in the amount of $5000.00 be posted no later than the 29th day of June, 2007;

2. Defendant, and anyone acting in concert or participation with him, specifically including his legal counsel and any agent, employee, officer or representative of Royal Alliance Associates, Inc., are ordered to return to Merrill Lynch's California counsel any and all records, documents and/or other types of information pertaining to Merrill Lynch customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to the Defendant or his counsel of the terms of this Order.

3. Any and all Customer Information within the possession, custody or control of Defendant that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device,

returned pursuant to paragraph 2 above shall be permanently deleted by a Merrill Lynch representative. Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer.

        4.    Defendant William E. Fredrickson is enjoined and restrained, directly and indirectly, and whether alone or in concert with others, including any agent, representative, officer, or employee of Defendant's current employer, Royal Alliance Associates, Inc., until further Order of this Court, from:

        a)    using, disclosing, or transmitting for the purpose of solicitation the information physically taken or information which Mr. Fredrickson emailed to himself; and

        b)    soliciting any client of Merrill Lynch whom Defendant served or whose name became known to Defendant while in the employ of Merrill Lynch for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from Merrill Lynch (excluding Defendant's family and relatives, and any client that Defendant serviced as a registered representative prior to joining Merrill Lynch).

        5.    This Order shall remain in full force and effect until such time as this Court specifically orders otherwise.

        6.    Defendant shall show cause before this Court on the 2nd day of August 2007 at 10 o'clock a.m., or as soon thereafter as counsel may be heard, why a Preliminary Injunction should not be ordered according to the terms and conditions set forth above. Defendant William Fredrickson shall file and serve an opposition no later than July 20, 2007. Plaintiff Merrill Lynch shall file and serve a reply to the opposition no later than July 27, 2007.

///

///

7.    Merrill Lynch is granted leave to take expedited deposition discovery prior to the Preliminary Injunction hearing referred to hereinabove.

IT IS SO ORDERED:

Dated: June __27___, 2007                    _____
                                             Honorable Maxine M. Chesney
                                             Judge of the United States District Court